UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Claim No: 1998A11469/1998A13567 |
| vs. | | |
| Derrick B. Osborne | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident Monroe County, Michigan within the jurisdiction of this Court and may be served with service of process at 610 Cass Street, Monroe, Michigan 48161.

### The Debt

#### First Cause of Action - Claim Number: 1998A11469

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $292.12 |
| B. Current Capitalized Interest Balance and Accrued Interest | $362.91 |
| C. Administrative Fee, Costs, Penalties | $22.68 |
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 1998A11469** | **$677.71** |

Second Cause of Action - Claim Number: 1998A13567

4. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,683.80 |
| B. Current Capitalized Interest Balance and Accrued Interest | $3,854.04 |
| C. Administrative Fee, Costs, Penalties | $49.46 |
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 1998A13567** | **$6,587.30** |

**TOTAL OWED (Claim Numbers 1998A11469 and 1998A13567)     $7,265.01**

The Certificate of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 7.510% per annum or $0.06 per day on Claim Number 1998A11469 and 8.000% per annum or $0.59 per day on Claim Number 1998A13567.

### Failure to Pay

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
    Holzman Corkery, PLLC
    Attorneys for Plaintiff
    Tamara Pearson (P56265)
    28366 Franklin Road
    Southfield, Michigan 48034
    (248) 352-4340
    usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Derrick B. Osburn
Address: 15412 Rushmore St.
Taylor, MI  48180-4880
SSJ

Total debt due United States as of 10/06/97:  $ 355.49

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 292.12 from 10/06/97 at the annual rate of 7.51%.  Interest accrues on the principal amount of this debt at the rate of $ .06 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 11/23/88 the debtor executed promissory note(s) to secure loan(s) from Bank IV Wichita, N.A. under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682).  The holder demanded payment according to the terms of the notes(s) and on 01/20/90 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 102.98 thereby increasing the principal balance due to $ 292.12.

After application of the last voluntary payment of $ 0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $ 292.12 |
| Interest: | $ 40.69 |
| Administrative/Collection Costs: | $ 22.68 |
| Penalties: | $ 0.00 |

CERTIFICATION:  Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

October 16, 1997
(Date)

Richard Ditewig
Loan Analyst
Litigation Branch

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**SUPPLEMENTAL LOAN FOR STUDENTS (SLS) APPLICATION/PROMISSORY NOTE**

### SECTION A – TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

1. NAME (NO NICKNAMES)
   LAST: OSBORNE  FIRST: DERRICK  MI: B
3. WHEN WERE YOU BORN? [blank]
4. PERMANENT ADDRESS: 2754 Appleridge
   CITY: Ypsilanti  STATE: MICH  ZIP: 48198
5. PERMANENT HOME PHONE: (313) 485-1377
6. U.S. CITIZENSHIP STATUS: [X] U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: MICH
8a. DRIVER LICENSE NUMBER: [blank]
8b. STATE IN WHICH ISSUED: MICH
9. ADDRESS WHILE IN SCHOOL: 2754 Appleridge Ypsilanti, MICH 48198
10. PHONE AT SCHOOL ADDRESS: (313) 485-1377
11. MAJOR COURSE OF STUDY: 16
12. LOAN AMOUNT REQUESTED: $800.00
13. PERIOD LOAN WILL COVER: FROM MO 6 YR 88 TO MO 1 YR 89

**PRIOR LOAN INFORMATION**

14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? [X] NO (GO TO 18a)
18a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [X] NO (GO TO 19a)
19a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? [X] NO (GO TO 20)
20. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [X] NO

### REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

21a. PARENT/GUARDIAN NAME: BARBARA OSBORNE
    STREET: 2754 Appleridge
    CITY, STATE, ZIP: Ypsilanti, MI 48198
    PHONE: [blank]

21b. FRIEND NAME: DELORES HARDICK
    STREET: 1109 Buick Avenue
    CITY, STATE, ZIP: Ypsilanti, MI 48198
    PHONE: [blank]

21c. RELATIVE NAME: JOY BENNINGTON
    STREET: 2095 Packard Road
    CITY, STATE, ZIP: Ypsilanti, MI 48198

22. IF YOU QUALIFY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? [X] YES
23. YOUR LENDER MAY ALLOW INTEREST TO ACCRUE AND CAPITALIZE DURING THE DEFERMENT; OR YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS. IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER? [ ] ACCRUE... [ ] PERIODIC INSTALLMENT PAYMENTS

**NOTICE TO BORROWER:** You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. **PROMISE TO PAY:** I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and Interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note, I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

24a. SIGNATURE OF BORROWER: X Derrick B. Osborne
24b. DATE BORROWER SIGNED: MO 11 DAY 23 YR 88

### SECTION B – TO BE COMPLETED BY SCHOOL

25. NAME OF SCHOOL: ST. MARY of the PLAINS COLLEGE/AMERICAN TRUCK DRIVING SCH
27. PHONE: (517) 278-6433
28. SCHOOL CODE: 001944
26. ADDRESS: 150 S. Michigan Ave. Coldwater, MI 49036
29. 9005
31. PERIOD LOAN WILL COVER: FROM MO 6 DAY 30 YR 88 TO MO 1 DAY 30 YR 89
32. STUDENT'S GRADE LEVEL: [X] 2 (UNDERGRAD)
33. ANTICIPATED GRADUATION DATE: MO 6 DAY 30 YR 89
34. WILL THE BORROWER BE ENROLLED FULL-TIME DURING THE LOAN PERIOD? [X] YES
35. STUDENT STATUS: [X] INDEPENDENT
36. COST OF ATTENDANCE FOR LOAN PERIOD: $5045
37. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $3541
38. DIFFERENCE (ITEM 36 LESS ITEM 37) OR LEGAL MAXIMUM: $1504
40. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? [X] NO
42a. SIGNATURE OF SCHOOL OFFICIAL: Judy Lattehen
42b. DATE SIGNED: 12-12-88
42c. PRINT NAME AND TITLE: Judy Hattrem F.A.O.

### SECTION C – TO BE COMPLETED BY LENDER

43. NAME OF LENDER: BANK IV WICHITA, N.A.
45. LENDER CODE: 804647
44. ADDRESS: BOX 1090
    CITY, STATE, ZIP: Wichita, Kansas 67201
51. NUMBER OF MONTHLY INSTALLMENTS: 12

### SECTION D – TO BE COMPLETED BY HEAF

APP REVIEW
DEC 19 1988

F40-61 4-87
SLS-353

REVIEWED #12

**CC NOT NECESSARY**

# SLS PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan made for a period of enrollment beginning prior to July 1, 1987, the applicable interest rate is 12% per year. For loans made for periods of enrollment beginning on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

2. Guarantee Fee.

HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

1. I understand I can either defer principal payments while in school or begin repayment immediately. These options are described below and my choice is indicated in #22 on the front of this application/promissory note.
*Deferred Repayment.* If I answer YES to #22, I wish to defer repayment of loan principal for reasons explained under Deferment in the HEAF application information booklet. (By law, the repayment period on this loan begins when the loan is disbursed with the first payment due within 60 days of disbursement.) However, during the period of deferment, interest shall, at my lender's option, and in accordance with the terms and conditions on the disclosure statement:
a. be paid by me in installments; or
b. accrue and be added to the principal amount of the loan (capitalized), no more often than quarterly, in accordance with laws and regulations governing the PLUS and SLS program. I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms with the guidelines set forth in Paragraph 2 of this Section, without my further approval; however my lender must inform me of the terms in writing at the latest address which I have provided to the lender.
*Immediate repayment.* If I answer NO to #22, I agree to begin repaying loan principal and interest within 60 days of disbursement.

2. I will repay this loan within 10 years of the date of this Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 or the unpaid principal balance of all such loans (plus interest) whichever is less.
b. If I qualify for any deferment period described under Deferment in this Note, or if the lender grants "forbearance", those periods will not be included in the 5- and 10-year periods mentioned above.

3. The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me.

4. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, the payments I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek deferment, I agree to comply with the relevant federal regulations and the Rules and regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which the lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the federal regulations adopted under the Act and the Rules and Regulations of HEAF and that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note;
e. I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date;
f. The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts owed.

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

## J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. *If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and*

---

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE: X *Gaylene F. Rose*

TITLE: Gaylene F. Rose, Claims Manager

DATE: 8-24-90

F0025  10-87

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Derrick B. Osburn
Address: 15412 Rushmore St.
Taylor, MI 48180-4880
S

Total debt due United States as of 10/06/97: $ 3,435.45

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 2,683.80 from 10/06/97 at the annual rate of 8%. Interest accrues on the principal amount of this debt at the rate of $ .59 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 06/23/88 the debtor executed promissory note(s) to secure loan(s) from Bank IV Wichita, N.A. under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the notes(s) and on 02/22/90 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 145.78 thereby increasing the principal balance due to $ 2,683.80.

After application of the last voluntary payment of $ 0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $ 2,683.80 |
| Interest: | $ 702.19 |
| Administrative/Collection Costs: | $ 49.46 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

October 16, 1997                                    Richard D. Stewig
(Date)                                              Loan Analyst
                                                    Litigation Branch

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE**

### SECTION A – TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

1. NAME (NO NICKNAMES): LAST **OSBORN**  FIRST **DERRICK**  M.I. **B**
2. SOCIAL SECURITY NUMBER:
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS: **2754 Appleridge**
   CITY: **YPSILANTI**   STATE: **MICH**   ZIP: **48198**
5. PERMANENT HOME PHONE: **(313) 485-1377**
6. U.S. CITIZENSHIP STATUS: [X] U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: **MICH**
8a. DRIVER LICENSE NUMBER
8b. STATE IN WHICH ISSUED: **MICH**
9. ADDRESS WHILE IN SCHOOL: **2754 Appleridge  Ypsilanti, Mich 48198**
10. PHONE AT SCHOOL ADDRESS: **(313) 485-1377**
11. MAJOR COURSE OF STUDY: **16**
12. LOAN AMOUNT REQUESTED: **$2625.00**
13. LOAN PERIOD: FROM **6/88** TO **1/89**

### PRIOR LOAN INFORMATION

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [X] NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [X] NO (GO TO 20a)
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? [X] NO (GO TO 21a)
21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? [X] NO (GO TO 22a)

### REFERENCES

22a. NAME: **BARBARA OSBORNE**  STREET: **2754 APPLERIDGE**  CITY, STATE, ZIP: **YPSILANTI, MI 48198**  (PARENT/GUARDIAN)
22b. NAME: **DELORES HARDRICK**  STREET: **1109 BUICK AVENUE**  CITY, STATE, ZIP: **YPSILANTI, MI 48198**  (RELATIVE)
22c. NAME: **JOY BENNINGTON**  STREET: **2095 PACKARD ROAD**  CITY, STATE, ZIP: **YPSILANTI, MI 48198**  (FRIEND)

NOTICE TO BORROWER: You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

23a. SIGNATURE OF BORROWER: *X Derrick Osborne*
23b. DATE BORROWER SIGNED: **6/23/88**

### SECTION B – TO BE COMPLETED BY SCHOOL

24. NAME OF SCHOOL: **ST. MARY of the PLAINS COLLEGE/AMERICAN TRUCK DRIVING SCH**
26. PHONE: **(517) 278-6433**
27. SCHOOL CODE: **001944**
25. ADDRESS: **150 S. MICHIGAN AVE.  COLDWATER, MI 49036**
28. **9005**
30. PERIOD LOAN WILL COVER: FROM **6/30/88** TO **1/30/89**
31. STUDENT'S GRADE LEVEL: [X] 2
32. ANTICIPATED GRADUATION DATE: **6/30/89**
33. STUDENT STATUS: [X] INDEPENDENT
34. ADJUSTED GROSS INCOME (AGI): **$5277**
35. COST OF ATTENDANCE FOR LOAN PERIOD: **$5045**
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: **$1539**
37. EXPECTED FAMILY CONTRIBUTION (EFC): **$0**
38. DIFFERENCE (ITEM 35 LESS ITEMS 36 AND 37) OR LEGAL MAXIMUM: **$3506**
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? [X] NO
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? [X] NO
43a. SIGNATURE OF SCHOOL OFFICIAL: *X Judy Hattrem*
43b. DATE: **6/29/88**
43c. PRINT NAME AND TITLE: **Judy Hattrem F.A.O.**

### SECTION C – TO BE COMPLETED BY LENDER

44. NAME OF LENDER: **BANK IV WICHITA, N.A.**
45. ADDRESS: **BOX 1090 WICHITA, KANSAS 67201**
46. LENDER CODE: **804647**

### SECTION D – TO BE COMPLETED BY HEAF

**H.E.A.F.**
56. HEAF USE ONLY: **JUL 06 1988**

F40-60 4-87
GSL-304

OSBORN, DERRICK, B
CLAIM NO 1993040229284 C6-23-93

Approved #25

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE: X Karin Moseley
TITLE: HSCA Claims Supervisor
DATE: OCT 24 1990

F0025 10-87

---

(Left column, lower portion — partially cut off)

than the end of my grace period.
However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).
1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment in this Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with the Rules and Regulations of HEAF governing the GSLP.
4) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest), whichever is less.
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

### E. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

---

### FORBEARANCE
...nable to repay this loan in accordance with the terms established under Repayment Note, I may request the lender to modify these terms. I understand that such modifi...would be at the lender's option and would have to be in compliance with the Act, regulations adopted under the Act and the Rules and Regulations of HEAF. I under...at a modification of repayment terms under this Section is different from Deferment cribed in this Note) and that during this period I will remain responsible for payment est, which the lender may (a) collect from me on a periodic basis or (b) add to the al balance of this loan.

### DEFAULT
...nition—I understand that under the Act, and HEAF Rules and Regulations, any of the ...ing events is a default:
...ng to make any installment payment when due, provided that this failure persists for ...ays for a loan repayable in monthly installments or 240 days for a loan repayable in ...equent installments;
...king any false representation for the purpose of obtaining this loan;
...ng the loan proceeds for other than educational purposes;
...ing to enroll in the school that completed the application for the time identified as my ...period;
...notifying the lender immediately if I (a) drop to less than a half-time student, (b) change ...raduation date, (c) change my name, or (d) change my permanent address.

...onsequences of default—If I default on this loan:
...e lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
...e lender, holder, or guaranty agency may disclose to schools I have attended (or am ...ently attending) information about the default;
...will be ineligible to receive assistance from any of the following federal programs: Pell ...nt, Supplemental Educational Opportunity Grant, College Work-Study, State Student ...ntive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed ...dent Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation ...ns;
...will be ineligible for the benefits described under Repayment and Deferment in this Note; ...will also pay all charges and other costs, including attorney's fees, that are permitted by ...eral law and regulations for the collection of these amounts. If this loan is referred for ...lection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay ...lection costs not to exceed 25 percent of the unpaid principal and accrued interest. De...ring these amounts immediately due and payable is at the option of the lender, which it ...y do only after complying with applicable notice and other requirements of law. Failure to ...ercise this option does not constitute a waiver of the lender's right to exercise the option ...a later date;
The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts ...ved.

### LATE CHARGES
...permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a ...quired installment payment within 10 days after it is due or if I fail to provide written evi...nce that verifies my eligibility to have the payment deferred as described under Deferment ...this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

### J. CREDIT BUREAU NOTIFICATION
...nformation concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

### BORROWER CERTIFICATION
I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or HEAF to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents, or prior or subsequent lenders or holders, with respect to my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION
I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.